By the Court:
 

 Bayard,
 
 Chief Justice:
 

 The
 
 scire facias
 
 takes no notice of the
 
 second
 
 use. It is an action by the State for the use of the minor, brought by an attorney of this court against the surety in the recognizance. Such an action is in form authorized by the act “regulating proceedings upon public recognizances and bonds,” under which any person interested in the recognizance “may in the name of the State, but for his, her or their use, institute suit- upon such recognizance, and prosecute such suit to judgment and execution, and for that purpose may employ any attorney of the court wherein the suit shall be brought, who may in the declaration and other pleadings, use his own name instead of the name of the attorney general.” From all that appears then, this is a suit by the minor, or at least by the guardian, prosecuted by an attorney of this court in the usual form, and the payment by the defendant of a judgment recovered against him in such suit, would undoubtedly be a protection to him.
 

 But it is suggested that an attorney might abuse his office, and sue upon a recognizance without authority from the persons interested under it. The same might be said of any other case where the cause of action is of record, as of all mortgages and judgments, where an attorney might sue out a scire facias without authority. The objection supposes fraud in the attorney, and a degree of hardihood in the use of means that can hardly be conceived of as dangerous in practice. To say nothing of the responsibility of the attorney, both to the party and to the court, the publicity of the suit in its progress to judgment would ensure detection by the party for whom he dared to sue without authority. The objection moreover extends to almost all cases, and could only be met by a general rule or other provision requiring proof of the attorney’s authority to sue or defend. There has never been any such practice, and in point of fact our attornies seldom take from their clients any other than a verbal authority.
 

 
 *20
 

 Cullen
 
 and
 
 Booth,
 
 for plaintiff
 

 Houston
 
 and
 
 Clayton,
 
 for defendant.
 

 Anciently the attornies were appointed in court* when actually present; afterwards by warrant in writing. (1
 
 Tidd
 
 64; 1
 
 Wils.
 
 39.) But it was very early determined that an authority by
 
 parol
 
 was sufficient to support a judgment. (2
 
 Keb.
 
 199.) At common law the warrant of attorney might
 
 be filed
 
 at any time before final judgment. (1
 
 Tidd
 
 65.) Afterwards by several enactments, made chiefly for the purpose of revenue, the warrant was required to be
 
 starhped
 
 and filed early in the cause, under a penalty of ten pounds.
 
 (Idem
 
 65.) But these statutes are no longer in force; and, even in the English practice, the warrant has long ceased to be filed; and by the late rules of court they are
 
 prohibited
 
 from being entered upon the record. (3
 
 Ch. Gen. Pr.
 
 114.) Yet it is still strongly recommended to attor-nies for their own protection and character, to obtain from their clients written authority to sue or defend, in order that the same may be the more easily susceptible of proof,
 

 In our practice, therefore, the court would expect some ground to be laid by affidavit or otherwise,
 
 before they
 
 would at the instance of the defendants, require the plaintiff’s attorney to produce a written warrant, or other proof of his authority. Doubtless where
 
 fraud
 
 Was suggested, and especially if a minor was concerned and in danger of being injured by an unauthorized proceeding before us, we would for the protection of either guardian, ward, or defendant, inquire into the attorney’s authority; and would, if the case required it, apply other remedy than by merely striking off the
 
 suit.
 

 But the present motion goes on its principle only to the
 
 second
 
 use; that alone brings up the question of a guardian’s right to assign the recognizance without an order of the Orphans’ Court; this use the plaintiffs’ counsel proposes to strike off, and to go on with the suit, in the name and for the use of the ward, having authority as he asserts, from the guardian for that purpose. The defendant denies that he has any such authority, and suggests that he is in danger, if the authority be hereafter disclaimed, of having the debt to pay over again. The question then is whether there is enough presented by the affidavit, or on the case itself, to induce the court to order the plaintiffs’ counsel to produce his warrant of attorney, or other authority.
 

 Mr. Cullen
 
 here expressed his readiness to do so, if time were allowed to send for his client, which the court readily granted and the cause was continued.